IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
NOV 10 2016
Clerk, U S District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | Cause No. CR 13-80-BLG-DWM |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO REDUCE SENTENCE |
| PATRICIA ANN HALCOMB-SEGNA, | |
| Defendant. | |

On August 22, 2016, Defendant Halcomb-Segna moved the Court to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines. Halcomb-Segna is a federal prisoner proceeding pro se.

Halcomb-Segna was sentenced on March 5, 2014. Minutes (Doc. 48); Judgment (Doc. 49). She did not appeal. Her sentence became final when the time to appeal expired on March 19, 2014. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). On September 1, 2015, her sentence was amended under Guidelines Amendments 782 and 788. Am. Judgment (Doc. 62).

On November 1, 2015, the Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 to broaden the circumstances supporting a downward adjustment for a defendant who plays a minor role in the offense. *See*

1

U.S.S.G. § 3B1.2 Application Note 3 (Nov. 1, 2015). Halcomb-Segna asks the Court to re-sentence her under the new commentary with a minor role reduction.

Amendment 794 applies to defendants whose sentences were not yet final when the amendment was enacted on November 1, 2015. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In a footnote, the *Quintero* court pointed out that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." That is the issue Halcomb-Segna presents. The *Quintero* court declined to reach it. *Id.* at 521 n.1.

The issue is reached, however, by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Section 3582(c)(2) authorizes a court to reopen a final sentence "based on a sentencing range that has subsequently been lowered" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement regarding sentence reductions under § 3582(c)(2) is located in U.S.S.G. § 1B1.10. And the Commission has not included Amendment 794 in the very small group of "covered amendments" that are effective retroactively to sentences that are final before the amendment is adopted. *See* U.S.S.G. § 1B1.10(a)(1), (d) (Nov. 1, 2015).

Therefore, a reduction for Halcomb-Segna, whose sentence became final more than six months before Amendment 794 was enacted, would not be

consistent with the applicable policy statement in U.S.S.C. § 1B1.10(d) and is not authorized by 18 U.S.C. § 3582(c)(2).

Accordingly, IT IS HEREBY ORDERED that Halcomb-Segna's motion to reduce the sentence (Doc. 66) is DENIED.

DATED this 10th day of November, 2016.

Donald W. Molloy
United States District Judge