IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PATRICIA ANN HALCOMB-SEGNA,<br><br>　　　　Defendant. | CR 13-80-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A Second and Third Amended Petitions were filed in this case alleging that Defendant violated the conditions of her supervised release. (Docs. 77, 90.) The matter was referred to the undersigned to conduct a final hearing and issue findings and recommendations. (Docs. 76, 89.)

On July 16, 2021, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 8 months imprisonment, followed by 52 months of supervised release.

I.　**Background**

In 2013, Defendant pled guilty to Count I of the Superseding Information, which charged the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine. (Doc. 31.) On March 5, 2014, Judge Molloy sentenced

Defendant to 110 months imprisonment, to be followed by 5 years supervised release. (Doc. 49.) On September 1, 2015, the Court granted Defendant's Motion for Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2), and her sentence was reduced to 92 months. (Doc. 62.) Defendant began serving her term of supervised release on March 30, 2020.

On November 12, 2020, the United States Probation Office filed the initial petition now at issue. (Doc. 73.) The petition was amended on December 2, 2020 (Doc. 75) and again on December 18, 2020 (Doc. 77). The petition alleged numerous violations, including methamphetamine use, failing to participate in mental health treatment, failing to participate in substance abuse testing, failing to participate in substance abuse treatment, and failing to report to the probation officer as instructed.

On January 21, 2021, the Court conducted a final revocation hearing. Defendant admitted violations 1 through 9 of the Second Amended Petition. (Doc. 86.) Defendant also sought release to attend inpatient chemical dependency treatment through the True North program at the Rimrock Foundation in Billings, Montana. Defendant's request was granted. Defendant was temporarily released to attend treatment, and final disposition of the matter was continued until after Defendant completed the treatment program. (Docs. 88, 89.)

Defendant entered the True North program, but discontinued attendance on June 22, 2021 prior to completing the entire program. Thereafter, a Third Amended Petition was filed, alleging Defendant further violated the conditions of her supervised release by providing a urine sample that tested positive for methamphetamine on April 26, 2021 and June 24, 2021, by failing to complete the True North program, and by quitting her employment and failing to notify her supervising probation officer. (Doc. 90.) Based on the petition, a warrant was issued for Defendant's arrest. (Doc. 91.)

On July 6, 2021, Defendant made an initial appearance before the undersigned. (Doc. 92.) Defendant, represented by counsel, stated that she had read the Third Amended Petition and waived a preliminary hearing. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*) The Court set the final revocation hearing for July 16, 2021. (Doc. 94.)

II.  **Final Revocation Hearing**

On July 16, 2021, the Court conducted the final revocation hearing. Defendant appeared at the revocation hearing represented by Russell Hart. Assistant United States Attorney Bryan Dake represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to appear and allocute before Judge Molloy and the

procedure for objecting to the Findings and Recommendations which would be issued. After consenting to proceed, Defendant admitted violations 10 through 12 of the Third Amended Petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, her criminal history category is IV, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration. The United States Sentencing Guidelines provide an advisory range of 6-12 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any custody time imposed. Counsel for the United States and Defendant agreed with those calculations.

The United States requested a sentence of 8 months incarceration. Defendant's counsel requested a sentence of time served. Defendant addressed the Court and described her substance abuse issues, and her desire to obtain treatment and community support.

### III. Analysis

Based on Defendant's admission to the violations of her conditions of supervised release, her supervised release should be revoked. The Court should sentence Defendant to 8 months imprisonment, followed by 52 months supervised

release. Additionally, the Court should require Defendant to reside in a Residential Reentry Center for a period of 180 days as a condition of supervised release.

This sentence would be sufficient given the serious nature of the Defendant's violations, but is not greater than necessary.

### IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and she was reminded that she has the right to appear and allocute before Judge Molloy prior to the entry of final sentence and judgment. The undersigned also instructed Defendant that she may object to these Findings and Recommendations within 14 days of their issuance.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the conditions of her supervised release by (1) unlawfully using a controlled substance on July 21, 2020, October 15, 2020, October 23, 2020, October 29, 2020, and November 6, 2020; (2) failing to report for individual counseling on July 21, 2020; (3) failing to report for random drug testing on September 25, 2020, September 30, 2020, October 1, 2020, October 8, 2020, and October 30, 2020; (4) failing to report for group substance abuse counseling on October 14, 2020 and October 21, 2020; (5) failing to report to the probation office as instructed on October 22, 2020; (6) unlawfully using a

controlled substance on November 13, 2020, November 20, 2020 and November 23, 2020; (7) failing to report for random drug testing on December 7, 2020; (8) unlawfully using a controlled substance on December 10, 2020; (9) failing to report for group substance abuse counseling on December 16, 2020; (10) unlawfully using a controlled substance on April 26, 2021 and June 24, 2021; (11) discontinuing attendance at the True North program on June 22, 2021 prior to completing the entire program; and (12) quitting her employment and failing to notify her supervising probation officer on May 21, 2021.

Accordingly, **IT IS RECOMMENDED** that:

1. The District Court enter the attached Judgment, revoking Defendant's supervised release and commit Defendant to the custody of the United States Bureau of Prisons for 8 months, with 52 months of supervised release to follow.

2. In addition to the other recommended conditions of supervision, the Court should impose the following condition to her supervised release:

> The Defendant must reside in a Residential Reentry Center under contract with the United States Bureau of Prisons, for a period of 180 days. The Defendant must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Molloy.

DATED this 16th day of July, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge