IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>PATRICIA ANN HALCOMB-SEGNA,<br><br>　　　　　　　Defendant. | CR  13-80-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

　　　A petition filed in this case alleges that Defendant violated conditions of her supervised release.  Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc. 102) (citing 18 U.S.C. §§ 3401(i); 3583(e)).

　　　On August 11, 2022, the Court conducted the final revocation hearing. Defendant admitted Violation Numbers 2 and 3 but denied Violation Number 1. As such, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 9 months imprisonment followed by 40 months of supervised release.

**I.　　Background**

　　　In 2013, Defendant pled guilty to Count I of a Superseding Information, which charged the offense of Conspiracy to Possess with Intent to Distribute

1

Methamphetamine. (Doc. 31.) On March 5, 2014, Judge Molloy sentenced Defendant to 110 months imprisonment, to be followed by 5 years supervised release. (Doc. 49.) On September 1, 2015, the Court granted Defendant's Motion for Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2), and her sentence was reduced to 92 months. (Doc. 62.) Defendant began serving her term of supervised release on March 30, 2020.

On July 16, 2021, Defendant's supervised release was revoked for unlawful use of controlled substances, failure to report to counseling and substance abuse testing, discontinuing a treatment program prior to completion of the program, and failure to report and notify her supervising probation officer as required. (Docs. 97, 98.) She was sentenced to 8 months imprisonment followed by 52 months supervised release. (Doc. 98.) Defendant began her current period of supervised release on January 25, 2022. (Doc. 100.)

On April 21, 2022, the United States Probation Office filed the petition now at issue. (*Id.*) The petition alleges that Defendant violated the conditions that she: (1) not commit another federal, state, or local crime; (2) refrain from any unlawful use of a controlled substance; and (3) participate in substance abuse testing. (*Id.*) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 101.)

On July 20, 2022, Defendant was arrested. (Doc. 107.) On July 25, 2022, Defendant made an initial appearance. (Doc. 103.) Defendant, represented by counsel, stated that she had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for August 11, 2022. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Nicole Gallagher. Julie Patten represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including her right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to his imposition of sentence. After consenting to proceed, Defendant admitted to Violation Numbers 2 and 3, but denied alleged Violation Number 1.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, her criminal history category is IV, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines provide for 6-12 months incarceration. Defendant could be sentenced to as much as 60 months supervised release, less any

incarceration time imposed. Ms. Patten and Ms. Gallagher agreed with those calculations.

Ms. Patten requested a sentence of 12 months incarceration. In addition, Ms. Patten moved to dismiss Violation Number 1 in the petition now at issue (Doc. 100).

Ms. Gallagher requested a sentence of 6 months incarceration.

Defendant addressed the Court and expressed her continued desire to obtain inpatient treatment and her need for community support.

### III. Analysis

Based on Defendant's admission to the violations of her conditions of supervised release, her supervised release should be revoked. The Court should sentence Defendant to 9 months imprisonment followed by 40 months supervised release. No circumstances warrant a departure from the guideline range.

Defendant's supervised release has been revoked previously, and she was sentenced to a similar sentence as recommended on this revocation. Defendant's previous revocation and sentence was not successful in bringing Defendant in compliance with the requirements of her supervised release. Nevertheless, the Court was advised that Defendant was not able to reside in a Residential Reentry Center as provided in her previous sentence. Defendant explained that she was not placed in such a facility because of COVID-19 restrictions at the time, and was

released directly to supervised release. Therefore, providing for a sentence in the middle of the guideline range, to be followed by 180 days in a Residential Reentry Center, will hopefully result in a more successful outcome.

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and she was reminded that she has the right to object to these Findings and Recommendations within 14 days of their issuance. She was also reminded that she has the right to appear and allocute before Judge Molloy prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS**:

1. Defendant violated the condition of her supervised release that she refrain from any unlawful use of a controlled substance.

2. Defendant violated the condition of her supervised release that she participate in substance abuse testing.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 9 months imprisonment, followed by a 40-month term of supervised release.

2. The Court should grant the United States' motion to dismiss Violation Number 1.

3. Defendant should be ordered to comply with the mandatory and standard conditions of supervision, which have been adopted by this Court, as well as the special conditions previously imposed by the Court. (*See* Doc. 99.)

**IT IS FURTHER RECOMMENDED** that the Court recommend that Defendant carry out her sentence at FCI Pekin in Illinois, where Defendant stated she would have the opportunity to participate in beneficial programming.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.

/ / /

/ / /

Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

DATED this 11th day of August, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge